No. 46,914

JACOB A. VEESART, *Appellant*, v. COMMUNITY HOSPITAL ASSOCIATION, INC., and THE NUNS OF THE THIRD ORDER OF ST. DOMINIC, a Corporation, d/b/a CENTRAL KANSAS MEDICAL CENTER, *Appellees.*

(508 P. 2d 506)

Opinion filed April 7, 1973.

*Larry L. Kopke* and *Kenneth C. Havner,* of Kopke and Brower, of Great Bend, were on the brief for appellant.

*Tudor W. Hampton, Jerry M. Ward,* and *Thomas J. Berscheidt,* of Hampton and Ward, of Great Bend, were on the brief for the appellees.

*Per Curiam:* Motions to dismiss were sustained by the district court as to the defendants other than Central Kansas Medical Center which is presumably a corporation, operating the hospital in Great Bend. Upon the pretrial evidence record, the district court granted summary judgment in favor of the hospital and against the plaintiffs. The plaintiffs appeal.

Jacob A. Veesart, age 75, while a patient in the hospital and in frail physical condition sustained a fracture of the right femur when he fell in going from his bed to the bathroom. He subsequently died (more than two years later) and his heirs were substituted as plaintiffs. The hospital is charged with failure to use due care in supervising the patient. There is no amended petition charging the hospital with wrongful death, and it may be inferred that the substituted plaintiffs seek to recover merely for his pain and suffering. There may be grave doubts as to their capacity, but no point is made of it on appeal.

From a careful reading of the pretrial evidence record, and deeming a review of the evidence unnecessary, we reach the resolution of the issues presented as follows:

1. Expert testimony on behalf of the plaintiffs as to the standards of due care prevailing among hospitals in like situations, is not necessary to develop a case of negligence for the jury. The jury has the capacity to determine the issue of due care on the facts and circumstances of this particular case without the aid of expert opinion.

2. The depositions and other matters appearing in the record,

taken at their face value and in the light most favorable to the defendants, do not show as a matter of law that there was no negligence on the part of defendant hospital.

3. Some conflict appears in the evidence as to facts relevant and material on the issue of negligence.

4. Factual issues remained to be resolved, and the granting of summary judgment was improper.

5. If the case is to be tried, the plaintiff's motion for the production of documents, filed November 6, 1970, should be granted.

The judgment of the district court is reversed and the case remanded for further proceedings consistent with this opinion.